United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-3425

Jon Cary Maier,  \*
  \*
  Appellant,  \*
  \* Appeal from the United States
  v.  \* District Court for the
  \* District of Minnesota.
United States of America,  \*  [UNPUBLISHED]
  \*
  Appellee.  \*

_____

Submitted:  April 7, 1998
Filed:  April 17, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jon Cary Maier appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion which asserted ineffective assistance based on counsel's failure to pursue a motion to dismiss the indictment on double jeopardy grounds and counsel's failure to object to the drug quantity attributed to him for sentencing purposes.  For the reasons set forth below, we affirm.

_____

[1]The Honorable Michael James Davis, United States District Judge for the District of Minnesota.

After Maier pleaded guilty to drug and money-laundering offenses, the district court sentenced him to 121 months imprisonment and five years supervised release. Maier did not appeal. As relevant to this section 2255 proceeding, Maier acknowledged in the written plea agreement and during the plea hearing that his drug offense involved in excess of five kilograms of cocaine. In addition, the government agreed not to file a sentence enhancement notice under 21 U.S.C. § 851; in exchange, Maier agreed that his criminal proceeding and civil forfeiture proceedings did not constitute double jeopardy. Maier indicated in his section 2255 motion that, although he wanted any relief to which he was entitled had he pursued dismissal of the indictment, he did not wish to proceed to trial.

Having carefully reviewed the record, we conclude Maier has not established ineffective assistance. See Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994) (to establish ineffective assistance of counsel in guilty-plea context, movant must show his counsel's performance fell below objective standard of reasonableness, and reasonable probability exists that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial). In addition, Maier's conclusory allegations did not show his counsel's performance was adversely affected by an actual conflict of interest. See Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.